UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DYCK-O'NEAL, INC.,

      Plaintiff,

v.                            Case No.: 2:15-cv-27-FtM-38DNF

BRANDT ENGLAND,

      Defendant.

_____/

**ORDER**[1]

      This case is before the Court on Defendant Brandt England's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(3) and Fed. R. Civ. P. 12(b)(6) filed on February 4, 2015. (Doc. #7).  The Court granted Plaintiff Dyck-O'Neal, Inc. an extension of time to file a response, which it did on April 8, 2015.  (Doc. #18; Doc. #19; Doc. #20).  The parties appeared before the undersigned for a preliminary pretrial conference on April 23, 2015, at which time the parties also argued their positions on Defendant's motion.  Accordingly, this matter is ripe for review.

**BACKGROUND**

      On November 30, 2006, Defendant executed a promissory note to secure a mortgage on a single-family condominium unit located in Cape Coral, Florida.  (Doc. #3

_____

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

at ¶ 2).  When Defendant failed to pay the monthly installments due on the note, Fifth Third Mortgage Company brought a mortgage foreclosure action against him in state court.  (Id. at ¶ 3).  On January 22, 2009, the state court issued a final judgment of foreclosure against Defendant for $370,421.70, and ordered the condominium to be sold. (Id. at ¶¶ 4-5; Doc. #7 at 4).  In this judgment, the state court retained "[j]urisdiction over this action . . . to enter such further Orders to give [Fifth Third Mortgage Company] adequate and complete relief as may be necessary and proper, including the entry of a deficiency decree[.]"  (Doc. #1-1 at 25).  The condominium was then sold at the foreclosure sale for $100.00.  (Doc. #3 at ¶ 6).

On or about January 9, 2012, Fifth Third Mortgage Company assigned its interest in the foreclosure judgment and promissory note to Federal Home Loan Mortgage Corporation.  (Doc. #1-1 at 31).  Federal Home Loan Mortgage in turn assigned its interest in the foreclosure judgment and promissory note to Plaintiff.  (Id. at 32; Doc. #3 at ¶ 8).

Armed with the Assignment of Judgment and Note (Doc. #1-1 at 32), Plaintiff commenced this action in state court under Florida Statute § 702.06 to collect a deficiency sum of $195,421.70 plus interest, costs, and attorneys' fees.  (Doc. #3 at ¶¶ 7, 9).  This deficiency allegedly arises out of the above-described judgment and foreclosure sale.

Defendant thereafter removed the case to this Court, citing diversity jurisdiction under 28 U.S.C. § 1332 as grounds for removal.  (Doc. #1).  Two weeks later, Defendant filed the instant motion to dismiss under Rules 12(b)(6) and 12(b)(3) of the Federal Rules of Civil Procedure.  (Doc. #7).

## STANDARDS OF REVIEW

**A.  Federal Rule of Civil Procedure 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), "a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 678.  The issue in resolving such a motion is not whether the non-movant will ultimately prevail, but whether the non-movant is entitled to offer evidence to support his claims.  See id. at 678-79.

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679 (citations omitted).  Although legal conclusions can provide the framework for a complaint, factual allegations must support all claims.  See id.  Based on these allegations, the court will determine whether the plaintiff's pleadings plausibly give rise to an entitlement to relief.  See id. at 678-79.  Legal conclusions couched as factual allegations are not sufficient, nor are unwarranted inferences, unreasonable conclusions, or arguments.  See Twombly, 550 U.S. at 555; Byrnes v. Small, No. 8:14-CV-1726-T-36MAP, 2015 WL 1243219, at *3 (M.D. Fla. Mar. 18, 2015).

Rule 8 of the Federal Rules of Civil Procedure provides parallel pleading requirements that also must be satisfied.  Under this rule, "a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed

factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. See id. at 678-79. Mere naked assertions are also inadequate. See id.

**B.  Federal Rule of Civil Procedure 12(b)(3)**

Rule 12(b)(3) is the proper avenue for a party's request for dismissal based on improper venue. Fed. R. Civ. P. 12(b)(3); see also Brown v. Brown, No. 8:06-cv-1028, 2007 WL 949424, at *2 (M.D. Fla. Mar. 27, 2007) (citation omitted). As with a motion to dismiss in general, a court must accept the plaintiff's allegations in the complaint as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. See Whitwam v. JetCard Plus, Inc., 34 F. Supp. 3d 1257, 1259 (S.D. Fla. 2014). In evaluating a Rule 12(b)(3) motion, however, "the court may consider matters outside the pleadings such as affidavit testimony." Wai v. Rainbow Holdings, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). Thus, "[t]o resolve such a motion, the Court accepts all allegations of the complaint as true, unless contradicted by the defendant's [evidence], and draws all reasonable inferences and resolves all factual conflicts in favor of the plaintiff." Brown, 2007 WL 949424, at *2 (citation omitted). Finally, in responding to motion under Rule 12(b)(3), the plaintiff has the burden of showing that venue is proper in its chosen forum. See id.

**DISCUSSION**

**A.  Pre-Suit Notice of Assignment**

Florida Statute § 559.715 permits a creditor to assign its right to bill and collect a consumer debt, and the assignee "may bring an action to collect a debt that has been

assigned to the assignee and is in default."  However, "the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt."  Fla. Stat. § 559.715.

Here, Defendant moves to dismiss under Rule 12(b)(6), arguing that Plaintiff failed to establish in the Complaint that it complied with the aforementioned notice of § 559.715. (Doc. #7 at 8-9).  Although the Complaint alleges "all conditions precedent to bringing this action have been complied with or occurred, including, but not limited to, all applicable contractual and statutory notice provisions," (Doc. #3 at ¶ 10), Defendant maintains this barebones allegation is insufficient.  (Doc. #7).  Defendant further notes that Plaintiff neither attached a copy of the required notice nor alleged a factual basis to determine the required notice was sent to Defendant.  (Id. at 9).  Defendant thus argues the Complaint lacks a plausible basis to conclude that Plaintiff complied with § 559.715.  (Id. at 9).

In response, Plaintiff neither refutes Defendant's claim nor attempts to show compliance with Florida Statute § 559.715.  (Doc. #20 at 9-10).  Instead, Plaintiff maintains it has no obligation to allege compliance with § 559.715 affirmatively in the Complaint, and that Defendant cites to no authority showing such an obligation.  (Doc. #20 at 9).  Plaintiff further argues that Rule 9(c) of the Federal Rules of Civil Procedures requires only a general allegation that conditions precedent have been fulfilled.  (Doc. #20 at 9).  And because the Complaint contains such an allegation, Plaintiff argues Defendant's position is meritless and the Court must deny the instant Motion to Dismiss. (Doc. #20 at 9-10).

The Court begins with Plaintiff's Rule 9(c) argument.  Plaintiff correctly maintains that the rule states "[i]n pleading conditions precedent, it suffices to allege generally that

all conditions precedent have occurred or been performed." (Doc. #20 at 9); Fed R. Civ. P. 9(c). Plaintiff also correctly identifies the general allegation in the Complaint that states "[a]ll conditions precedent to bringing this action have been complied with or occurred, including, but not limited to, all applicable contractual and statutory notice provisions." (Doc. #20 at 9; Doc. #3 at ¶ 10). However, Rule 9(c) also states "[b]ut when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c); see also Ardaman & Assoc., Inc. v. Travelers Cas. and Sur. Co. of Am., No.3:08-cv-144, 2009 WL 161203, at *9 (N.D. Fla. Jan. 22, 2009) ("If the defendant disagrees with the plaintiff's general allegations, it may deny 'with particularity' in a responsive pleading that the preconditions have been fulfilled." (citation omitted)). "Should a defendant make that denial, '[t]he plaintiff then bears the burden of proving that the conditions precedent, which the defendant has specially joined in issues, have been satisfied.'" Myers v. Central Fla. Investments, Inc., 592 F.3d 1201, 1224 (11th Cir. 2010) (quoting Jackson v. Seaboard Coast Line R.R., 678 F.2d 992, 1010 (11th Cir. 1982)).

As stated, the Complaint alleges "[a]ll conditions precedent to bringing this action have been complied with or occurred, including, but not limited to, all applicable contractual and statutory notice provisions." (Doc. #3 at ¶ 10). As a matter of pleading, Plaintiff's general statement is sufficient to discharge his duty under Rule 9 of the Federal Rules of Civil Procedure. See Ortino v. Sch. Bd. of Collier County, No. 2:14-cv-693, 2015 WL 1579460, at *4 (M.D. Fla. Apr. 9, 2015) (denying defendant's motion to dismiss because "[s]atisfication of conditions precedent, such as exhaustion of administrative remedies, need only be alleged generally"); Ardaman & Assoc., 2009 WL 161203, at *9 (rejecting defendant's that plaintiff's general allegation that all conditions precedent had

been maintained was insufficient under Rule 9(c).  Although Defendant denied at the preliminary pretrial conference having received notice of the assignment prior to Plaintiff filing this deficiency action, the Court finds Defendant's argument to be premature at the motion to dismiss stage.  Defendant raises an issue of proof rather than pleading, which is a matter more appropriate for summary judgment.  See Ortino, 2015 WL 1579460, at *4; Ardaman & Assoc., 2009 WL 161203, at *9.

Accordingly, the Court finds that the Complaint does not fail to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) and denies Defendant's Motion to Dismiss.

**B. Venue**

Defendant next moves to dismiss under Rule 12(b)(3) based on the Fair Debt Consumer Practices Act's ("FDCPA") venue requirement, 15 U.S.C. § 1692i(a).  At the preliminary pretrial conference, the parties acknowledged that no binding or persuasive case law exists directly on point to the facts and circumstances of this case.  They also conceded that discovery is needed to flesh out Defendant's statutory venue challenge.  Accordingly, Defendant's venue argument is premature and the Court will deny Defendant's motion on this ground.  This is a matter more appropriate for summary judgment.

Accordingly, it is now

**ORDERED:**

(1) Defendant Brandt England's Motion to Dismiss (Doc. #7) is **DENIED**.

(2) Defendant Brandt England is **DIRECTED** to file an Answer to the Complaint on or before **May 4, 2015**.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of April, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record